OPINION OF THE COURT
Margaret Taylor, J.
In this action to recover for property damages resulting from an automobile accident in New York City on September 2,1984, plaintiff (a New York resident) sues defendant (a Connecticut resident), the driver of the vehicle allegedly causing the accident. Defendant moves to dismiss the action on the ground that the Civil Court of the City of New York lacks personal jurisdiction by reason of improper service of process.
Defendant was served as a nonresident motorist by personal service upon his caretaker at his residénce in the State of Connecticut. Defendant argues that a plaintiff, in a property damage case arising out of an automobile accident in New York City, can only acquire personal jurisdiction over a nonresident defendant in the Civil Court of the City of New York if the plaintiff serves the summons on such a defendant pursuant to the procedures delineated in the Vehicle and Traffic Law — not the procedures provided for either by the Civil Practice Law and Rules or the New York City Civil Court Act.
*307 CCA 404 addresses the issue of method of service by which the Civil Court of the City of New York may obtain personal jurisdiction over nonresidents.
“(a) Acts which are the basis of jurisdiction. The court may exercise personal jurisdiction over any non-resident of the city of New York, or his executor or administrator, as to a cause of action arising from any of the acts enumerated in this section, in the same manner as if he were a domiciliary of the state and a resident of the city of New York if, in person or through an agent, he * * *
“2. commits a tortious act within the city of New York * * *
“(b) Service of summons. Service of summons under this section may be made in such manner and at such place, regardless of city or state lines, as would confer jurisdiction on supreme court in a like case.”
The sections of the CPLR relating to service of a summons on a nonresident in a Supreme Court case are CPLR 302 (subd [a], par 2) and 313. CPLR 302 (subd [a], par 2) reads as follows:
“as to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent * * *
“2. commits a tortious act within the state”.
CPLR 313 provides:
“Service without the state giving personal jurisdiction
“A person * * * subject to the jurisdiction of the courts of the state under section 301 or 302 * * * may be served with the summons without the state, in the same manner as service is made within the state, by any person authorized to make service within the state who is a resident of the state or by any person authorized to make service by the laws of the state, territory, possession or country in which service is made or by any qualified attorney, solicitor, barrister, or equivalent in such jurisdiction.”
Under subdivision 1 of section 253 of the Vehicle and Traffic Law, a nonresident driving in New York is “deemed equivalent” to the appointment of the Secretary of State for service of process on any claim emanating from an accident or collision growing out of the “use or operation” of the vehicle in New York. The statute then supplies in detail the method of service, which requires a mailing of a copy of the summons to the Secretary in *308 Albany, plus a mailing of the summons, complaint and notice to the defendant by registered or certified mail, return receipt requested.
In his treatise, New York Practice, Professor David D. Siegel compares CPLR 302 with section 253 of the Vehicle and Traffic Law and concludes that “[t]here will often be an overlap between § 253 and CPLR 302 (a) (2), which supplies longarm jurisdiction for a tortious act committed in New York. When both provisions apply, plaintiff can choose either, using the ordinary service methods of the CPLR if CPLR 302 is chosen” (p 112).
Professor (and now Judge) Joseph M. McLaughlin in the Practice Commentaries in McKinney’s Consolidated Laws of New York, suggests that when read together CPLR 302 and 313 allow a simple method for acquiring jurisdiction over a vast range of defendants who previously could only be served by an elaborate ritual of service on the Secretary of State, mailing, filing, etc. “By virtue of the present section personal service without the state is available in all those cases in addition to the method of service that may formerly have been available. Thus, while McKinney’s Vehicle & Traffic Law § 253, continues to allow a nonresident motorist involved in an accident in New York to be served by mailing process to the Secretary of State and to the nonresident, by virtue of this section, personal service outside the state may be made without the necessity for serving the Secretary of State. Since the procedures under McKinney’s Vehicle and Traffic Law, like most of those in the consolidated laws, are more cumbersome than the procedure herein provided, it is anticipated that most practitioners will prefer to use the new method.” (Book 7B, CPLR C313:l, p 295.)
For the foregoing reasons, defendant’s motion to dismiss the within complaint on the ground that this court does not have jurisdiction by reason of improper service is denied.